Date signed May 07, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| DONNA MARIE BARNES-DUNCAN : | Case No. 06-11284PM |
| : | Chapter 13 |
| Debtor : | |
| -------------------------------- : | |
| AMERICAN BANK : | |
| Movant : | |
| vs. : | |
| : | |
| DONNA MARIE BARNES-DUNCAN : | |
| TIMOTHY P. BRANIGAN, Trustee : | |
| Respondents : | |
| -------------------------------- : | |

### MEMORANDUM OF DECISION

American Bank filed a Motion to lift the stay of § 362(a) to permit foreclosure and to establish equitable servitude so as to bar the imposition of the automatic stay by the filing of another bankruptcy case. This procedure is described as an equitable servitude, *See In re Yimam*, 214 B.R. 463 (BC Md. 1997), and as explained in the case of *In re Abdul Muhaimin*, 343 B.R. 159 (BC Md. 2006), added in the 1995 Bankruptcy Code Amendments at 11 U.S.C. § 362(d)(4).

Movant pleads that there is no equity in the property, and that Debtor's last payment to it was made on July 7, 2006. It argues that the Debtor has no equity in the property, and that it is entitled to adequate protection of its interest in the property. Because this is the fourth bankruptcy proceeding filed by the Debtor, Movant also argues that there is cause for relief from the stay and the imposition of equitable servitude. The matter came before the court for hearing on April 30, 2007, and the court received in evidence the 31 exhibits offered by the Movant.

Debtor opposes the Motion urging that the moving party is no longer the holder of a claim secured by the subject property. Debtor's argument is based upon Md. Real Prop. Code Ann. § 7-106(c)(1) and (2) (2003). *See also, Helman v. Kim*, 745 A.2d 451, (Md. App. 2000). The court finds that this dispute between the parties is one that must be resolved by an adversary proceeding. Bankruptcy Rule 7001(2) mandates an adversary proceeding where it is necessary to determine the validity, priority, or extent of a lien or other interest in property, or, as mandated under Rule 7001(9), a proceeding to obtain a declaratory judgment as to this issue. This is appropriate because a motion for relief from the automatic stay requires a ruling by the court, unless the parties agree otherwise, within 30 days after the filing of the request for relief from stay. Thus, matters as covered by Bankruptcy Rule 7001 requiring discovery and extensive briefing are not appropriate for expedited determination.

  Debtor's argument that the lien must be extinguished is based on the proposition that the original transaction by the parties embodied in Movant's Exhibit No. 6, a Deed of Trust and Security Agreement, dated July 13, 1990, provided for a final payment due January 13, 1991. Under § 7-106(c), if 12 years have elapsed since the last payment date called for in the Deed of Trust, and no continuation statement was filed within one year before the expiration of the applicable time under paragraph 1, the Deed of Trust shall terminate and no longer be enforceable. Debtor received a Chapter 7 discharge on March 4, 1993. This nullified her *in personam* obligation to the moving party. *Arruda v. Sears Roebuck & Co.*, 310 F.3d 13 (CA1 2002). The replacement Notes and other obligations executed by the Debtor in favor of the moving party after the entry of the discharge may be unenforceable inasmuch because a reaffirmation agreement must be made before the granting of the discharge. 11 U.S.C. § 524(c). While the discharge did not affect the vitality at the time of the lien that passed through the bankruptcy unaffected, *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92 (CA4 1995), Debtor argues that the impact of § 7-106(c) is to invalidate the lien.

  In summary, because of the issue before the court that requires the vehicle of an adversary proceeding for decision, the court must deny the motion for relief from stay without prejudice. An appropriate order will be entered.

cc:
David W. Cohen, Esq., 1 North Charles Street, Suite 350, Baltimore, MD 21201
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Donna M. Barnes-Duncan, 9010 Watkins Road, Gaithersburg, MD 20879

**End of Memorandum**